**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

DWIGHT CREWS,

     Plaintiff,

v.

DILLON COMPANIES, LLC d/b/a KING SOOPERS

     Defendant.

---

## NOTICE OF REMOVAL

     Defendant Dillon Companies, LLC d/b/a King Soopers (hereinafter "Defendant") by and through undersigned counsel, Larry S. McClung, Katherine M.L. Pratt, and Chelsie L. Smith of Wells, Anderson & Race, LLC, under 28 U.S.C.S. §§ 1332, 1441, and 1446, files this Notice of Removal of this action from the District Court, Adams County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal Defendant states as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1(a)

     There is no duty to confer prior to filing a Notice of Removal.

### INTRODUCTION

     1.    On March 8, 2022, Plaintiff, Dwight Crews, filed this action against Dillon Companies, LLC d/b/a King Soopers (incorrectly identified in Plaintiff's Complaint as "Dillon Companies, LLC d/b/a King Soopers, Inc.") and Chambers Plaza, LLC in the District Court of Adams County, Colorado entitled *Dwight Crews v. Dillon Companies, LLC d/b/a King Soopers,*

*Inc. d/b/a King Soopers ad Chambers Plaza, LLC* Case No. 2022CV30267. **Ex. A**, Complaint; **Ex. B**, Dillon Companies Summons; **Ex. C**, Chambers Plaza, LLC Summons. Plaintiff seeks to recover under the Colorado Premises Liability Statute, C.R.S. § 13-21-115, and for common law negligence.

2.      Plaintiff served Dillon Companies and Chambers Plaza, LLC with the respective Summons and Complaint on March 10 2022. **Ex. D**, Return of Service on Dillon Companies, **Ex. E**, Return of Service on Chambers Plaza, LLC.

3.      Plaintiff's attorney signed and filed a District Court Civil Case Cover Sheet in the Denver County District Court, stating that: "By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000." **Ex. F**, District Court Civil Case Cover Sheet at 2.

4.      On March 30, 2022, Chambers Plaza, LLC filed an unopposed motion seeking additional time to respond to Plaintiff's Complaint, granted by Court Order on March 31, 2022. **Ex. G**, Unopposed Motion for Extension of Time to Respond to Complaint until April 14, 2022; **Ex. H**, Order Granting Chambers' Motion for Extension of Time.

5.      On March 31, 2022, Dillon Companies filed an answer to Plaintiff's Complaint. **Ex. I**, Defendant's Answer and Jury Demand.

6.      On April 14, 2022, Defendant filed a Stipulated Motion to Dismiss Chambers Plaza, LLC with Prejudice with the Court, stating that Chambers Plaza, LLC is voluntarily dismissed from the lawsuit with prejudice of all claims that were or could have been brought by Plaintiff against it in this matter. **Ex. J**, Stipulated Motion to Dismiss Chambers Plaza, LLC with Prejudice.

On April 19, 2022, the Adams County District Court granted the Motion to Dismiss Chambers Plaza, LLC from this case. **Ex. K**, Order Granting Stipulated Motion to Dismiss. Therefore, the only Defendant who remains in this case is Dillon Companies, LLC d/b/a King Soopers.

7.     As set forth below, this Court may exercise federal diversity jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000. *See* 28 U.S.C.S. § 1332(a)(1) (LexisNexis 2020).

8.     Defendant's Notice of Removal is filed within the time limits of 28 U.S.C.S. § 1446(b)(3),[1] as it is filed within thirty days following the dismissal of the non-diverse party. Thirty days following April 19, 2022 is May 19, 2022. Thus, Defendant's Notice of Removal is timely.

9.     The district courts of the United States have original jurisdiction over this action based on 28 U.S.C.S. § 1332, because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Under 28 U.S.C.S. § 1441, the United States District Court for the District of Colorado is the appropriate court for filing a notice of removal from the District Court, Adams County, Colorado, where this action is pending, as the Complaint concerns a premises liability claim that occurred in Colorado.

### DIVERSITY OF CITIZENSHIP

10.     Under 28 U.S.C.S. §§ 1332 and 1441, defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. *Lincoln Prop. Co. v. Roche*,

---

[1] By virtue of Chamber Plaza, LLC's Colorado citizenship, there was no diversity among all the Defendants and Plaintiff. This matter was not removable until Chambers Plaza, LLC was dismissed from the case on April 19, 2022. *See* 28 U.S.C. § 1446(b)(3); *see also DeBry v. Transamerica Corp*., 601 F.2d 480 (10th Cir. 1979).

546 U.S. 81, 84 (2005). To be a citizen of a state within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

11.    For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). An individual's residence alone does not establish his or her domicile. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1098 n.3 (10th Cir. 2019). A person acquires domiciles in a state when the person resides there and intends to remain there indefinitely. *Middleton*, 749 F.3d at 1200.[2] In determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances, and any number of factors might shed light on the subject in any given case. *Id.* at 1200-01. This includes the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity. *Id.* at 1201 (quotation omitted).

---

[2] Historically, the meaning of the word "domicile" is "the technically preeminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined." *Williamson v. Osenton*, 232 U.S. 619, 625 (1914) (Holmes, J.). Where an individual has resided in a state for a considerable time, being engaged in the prosecution of business, he or she may well be presumed to be a citizen of such state. On a change of domicile from one state to another, citizenship may depend upon the intention of the individual. "[T]his intention may be shown more satisfactorily by acts than declarations. An exercise of the right of suffrage is conclusive on the subject; but acquiring a right of suffrage, accompanied by acts which show a permanent location, unexplained, may be sufficient." *Shelton v. Tiffin*, 47 U.S. (6 How.) 163, 185 (1848) (McLean, J.).

12.     In his Complaint, Plaintiff avers that he is a resident of the State of Colorado. **Ex. A**, Compl. ¶ 1. He lives at 140 S. Eagle Circle, Aurora, Colorado 80012. *Id.*, *see also* **Ex. L**, Arapahoe County Property Records. Upon diligent search, counsel has not found any other state of residency for Plaintiff.

13.     Plaintiff registered to vote in Colorado on March 6, 2003. *See* **Ex. M**, Colorado Secretary of State Voter Registration Information (redacted). He remains on the list of active Colorado voters since that time. *Id.*

14.     There is no indication in any publically available information to suggest that Plaintiff intends to change his domicile to any other state. Most importantly, there is no indication that Plaintiff intends to become domiciled in the state of Ohio.

15.     Plaintiff's averments regarding Colorado residency, ownership of property in Colorado, and longstanding voter registration in the state are sufficient to establish Plaintiff's Colorado citizenship.

16.     Defendant Dillon Companies, LLC is a Kansas limited liability company with its principal place of business in Hutchinson, Kansas. **Ex. N**, Certificate of Good Standing and Periodic Report for Dillon Companies, LLC from the Colorado Secretary of State.

17.     "[A]n LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). The Kroger Co. is, and was as at all relevant times herein, the sole member of Dillon Companies, LLC. **Ex. O**, Defendant's Corporate Disclosure Statement. As relevant here, for purposes of diversity jurisdiction and removal, a corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. §

1332(c) (LexisNexis 2020); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The Kroger Co. is, and was at all relevant times herein, incorporated in the State of Ohio with its principal place of business in Cincinnati, Ohio. **Ex. P**, Certificate of Good Standing and Periodic Report for The Kroger Co. from the Colorado Secretary of State.

18.     Therefore, complete diversity of citizenship exists between Plaintiff and Defendant because Plaintiff is domiciled in Colorado and Defendant is a citizen of Ohio.

### AMOUNT IN CONTROVERSY

19.     Under 28 U.S.C.S. § 1332(a), diversity jurisdiction is proper because Plaintiff is seeking a monetary judgment in excess of the $75,000 minimum amount in controversy requirement.

20.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C.S. § 1446(c)(2).

21.     The amount in controversy must be determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the notice of removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

22.     When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold. *Id.* at 89. "A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of … other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.S. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceeding, or in responses to discovery, shall be treated as an "other paper." 28 U.S.C.S. § 1446(c)(3)(A).

23.     In *Paros Properties LLC v. Colorado Casualty Insurance Co.*, 835 F.3d 1264 (10th Cir. 2016), the United States Court of Appeals for the Tenth Circuit held that a Colorado state court civil case cover sheet substantially identical to the one Plaintiff filed in this case (**Ex. D**, District Court Civil Case Cover Sheet at 2) is "properly considered an 'other paper' under 28 U.S.C.S. § 1446(b)(3)," *id.* at 1271, and "its content provides adequate notice to a defendant that the plaintiff is seeking an amount greater than the jurisdiction threshold for federal diversity jurisdiction," *id.* at 1272. Crediting the late Judge Figa's decision in *Henderson v. Target Stores*, 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an "other paper" that put the defendant on notice that the amount in controversy exceeded $75,000), the Tenth Circuit said, "[t]here is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)." *Id.* at 1272-73.

24.    Under *Paros*, therefore, the Civil Case Cover Sheet establishes that the amount in controversy is greater than $75,000.

## CONCLUSION

25.    For the foregoing reasons, this Court has jurisdiction over this matter under 28 U.S.C.S. §§ 1332, 1441, and 1446 because there is complete diversity of citizenship as between the parties and because the minimum amount in controversy requirement has been satisfied.

26.    Pursuant to 28 U.S.C.S. § 1446(a), and D.C.COLO.LCivR 81.1, copies of all pleadings, process, and orders in the State Court case file of which Defendant is aware are filed with this Notice. In addition to Exhibits A through P, attached are: (a) a copy of the docket sheet from the state court action, **Exhibit Q**; (b) Pretrial Order from the state court action, **Exhibit R**; (c) 17th Webex Instruction For Court Hearing Participants: Division C, **Exhibit S**; and (d) Notice of Case Management Conference, **Exhibit T**.

27.    Under 28 U.S.C.S. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court in and for Adams County, Colorado. A copy of this Notice of Removal has been served on Plaintiff's counsel, as indicated on the attached Certificate of Service.

28.    Defendant states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

**WHEREFORE**, Defendant hereby removes this action from the District Court, Adams County, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 5th day of May 2022.

Respectfully submitted,

**WELLS, ANDERSON & RACE, LLC**

By:     _S/ Larry S. McClung_____
        Larry S. McClung
        Katherine M.L. Pratt
        Chelsie L. Smith
        1700 Broadway, Suite 1020
        Denver, CO 80290
        Telephone: (303) 830-1212
        Email: lmcclung@warllc.com
                kpratt@warllc.com
                csmith@warllc.com

        *Attorneys for Defendant*

        *Original Signature on File at the Offices of*
        *Wells, Anderson & Race, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2022, I electronically filed the foregoing, **NOTICE OF REMOVAL** with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, and emailed to the following:

Eric Faddis
Lauren Varner
Heather E. Hackett,
Varner Faddis Elite Legal, LLC
6025 S. Quebec Street, Suite 100
Centennial, Colorado 80111
E-mail: efaddis@varnerfaddis.com
lvarner@varnerfaddis.com
hhackett@varnerfaddis.com

*Attorneys for Plaintiff*

*S/ Kathleen Porter*
Kathleen Porter

*Original Signature on File at the Offices of Wells, Anderson & Race, LLC*

10