# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br><br>Court's Address: 1100 Judicial Center Dr.,<br>　　　　　　　　Brighton, CO 80601 | DATE FILED: March 8, 2022 6:09 PM<br>FILING ID: 3345F01E80150<br>CASE NUMBER: 2022CV30267 |
| **Plaintiff:**<br><br>**DWIGHT CREWS.**<br><br>**v.**<br><br>**Defendants:**<br><br>**DILLON COMPANIES, LLC a/k/a KING SOOPERS, INC. d/b/a KING SOOPERS and CHAMBERS PLAZA, LLC;** | **▲ COURT USE ONLY ▲**<br><br>Case Number:<br><br>Div.:　　Ctrm.: |
| *Attorneys for Plaintiff:*<br>**VARNER FADDIS ELITE LEGAL, LLC**<br>Eric Faddis, #44990<br>Lauren Varner, #46519<br>Heather E. Hackett, #37231<br>6025 S. Quebec Street, Suite 100<br>Centennial, Colorado  80111<br>Telephone: (720) 770-8335<br>Fax Number: (720) 554-7724<br>E-mail: efaddis@varnerfaddis.com<br>lvarner@varnerfaddis.com<br>hhackett@varnerfaddis.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Dwight Crews, by and through undersigned counsel, Varner Faddis Elite Legal, for his *Complaint* against the above-named Defendants, states and alleges as follows:

## PARTIES

1.　Plaintiff Dwight Crews is a natural person of the age of majority and currently resides at 140 S. Eagle Cir., Aurora, CO 80012. Plaintiff is, and was, at all times material to the allegations in this Complaint a resident of the State of Colorado.

2.　Defendant Dillon Companies, LLC a/k/a King Soopers, Inc. d/b/a King Soopers (hereinafter "Defendant King Soopers") is a Kansas Foreign Limited Liability Company with a principal office street address of 2700 East 4th Street, Hutchinson, Kansas 67501

and registered agent address of the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

3. Upon information and belief, at all times material to the allegations in this Complaint, Defendant King Soopers operated a grocery store located at 15109 E. Colfax Ave., Aurora, CO 80011 ("The Premises") and was legally responsible for the condition of The Premises and for activities conducted and circumstances existing thereon.

4. Defendant Chambers Plaza, LLC (Defendant Chambers) is a Colorado Limited Liability Corporation with a principal office street address of 15460 East Batavia Dr., Aurora, CO 80011, and registered agent address of Joseph D. Freund, 15460 East Batavia Dr., Aurora, CO 80011.

5. Upon information and belief, at all times material to the allegations in this Complaint, Defendant Chambers was an owner of the property located at 15109 E. Colfax Ave., Aurora, CO 80011, according to the Adams County Assessor's website and telephonically confirmed with Assessor's staff. As a landowner, Defendant Chambers was legally responsible for the condition of The Premises and for activities conducted and circumstances existing thereon.

6. At all times material to the allegations in this Complaint, Defendants exercised control over The Premises on which Plaintiff was injured.

## VENUE

7. Venue is proper in Adams County, Colorado, pursuant to C.R.C.P. 98(c)(5) because the tort that triggered the claims herein occurred in Jefferson County, Colorado.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs 1 – 7 as if fully set forth herein.

9. Plaintiff sustained serious injuries when he slipped and fell on a dangerous hazard—likely accumulated liquid—within the Premises.

10. It had been snowing heavily on The Premises on the date of loss.

11. On or about March 19, 2020, Plaintiff presented to The Premises to buy groceries.

12. While walking within the Premises, Plaintiff slipped and fell on a dangerous hazard, likely accumulated liquid, near an exiting lane—an area of high foot traffic within the Premises.

13. Upon information and belief, there were no signs, cones, or other caution warnings near the dangerous hazard.

14.  Upon information and belief, surveillance cameras on The Premises may have captured this incident. Defendants may have had the ability to contemporaneously monitor these cameras for dangerous hazards within the Premises.

15.  As a result of the fall, Plaintiff sustained serious injuries.

16.  Defendants failed to undertake sufficient efforts to make The Premises safe.

17.  At all times material to the allegations in this Complaint, Plaintiff was an "invitee" within the meaning of the Colorado Premises Liability Act as to Defendants.

18.  At all times material to the allegations in this Complaint, Defendants were authorized agents on, or persons in possession of, The Premises.

19.  At all times material to the allegations in this Complaint, Defendants were legally responsible for the condition and safety of The Premises and for the activities conducted thereon.

20.  At all times material to the allegations in this Complaint, Defendants negligently failed to maintain The Premises in a reasonably safe condition.

21.  Defendants are aware that King Soopers stores have experienced countless incidents in which customers have slipped and fallen on dangerous conditions inside their stores, including accumulated liquid.

22.  At all times material to the allegations in this Complaint, Defendants knew or should have known of the dangerous condition on The Premises that caused Plaintiff injuries.

23.  At all times material to the allegations in this Complaint, Defendants negligently failed to warn invitees, such as Plaintiff, of dangers on The Premises of which Defendants actually knew or should have known.

24.  As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious physical injuries, damages, and losses.

## **FIRST CLAIM FOR RELIEF**
### **(Colorado Premises Liability Act)**

25.  Plaintiff incorporates paragraphs 1-24 as if fully set forth herein.

26.  At all times material to the allegations in this Complaint, Plaintiff was an "invitee" on The Premises within the meaning of Colorado's Premises Liability Act, C.R.S. § 13-21-115 ("CPLA").

27. At all times material to the allegations in this Complaint, Defendants were "landowners" within the meaning of the CPLA.

28. Defendants were "landowners" because either they actually owned The Premises or were authorized agents and/or persons in possession of The Premises and because they were legally responsible for the condition of The Premises and for the activities conducted and circumstances existing thereon.

29. Pursuant to the CPLA, Defendants owed legal duties to Plaintiff, including duties to exercise reasonable care to protect Plaintiff against dangers of which Defendants knew or should have known.

30. Defendants unreasonably failed to exercise reasonable care to protect against dangers on The Premises of which Defendants actually knew or should have known.

31. As result of Defendants' failures to exercise reasonable care and protect against said dangers, Plaintiff suffered injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
### (Common Law Negligence)

32. Plaintiff incorporates paragraphs 1-31 as if fully set forth herein.

33. At all times material to the allegations in this Complaint, Defendants owed a duty to those legally present on The Property, including Plaintiff, to exercise reasonable care in the performance of their job duties on The Property.

34. At all times material to the allegations in this Complaint, Defendants breached the duty owed to Plaintiff by failing to exercise reasonable care to prevent foreseeable injury to Plaintiff, by negligent act or omission, by, in and among other things, failing to warn of and/or remedy a hazardous condition on the Property of which they were or should have been aware in a reasonably prudent manner so as to avoid causing unnecessary harm or injury to Plaintiff.

35. At all times material to the allegations in this Complaint, Defendants breached the duty owed to Plaintiff by failing to reasonably inspect, remedy, and/or reasonably direct to be remedied, a foreseeably hazardous condition on the Premises of which they were or should have been aware, in a reasonably prudent manner so as to avoid causing unnecessary harm or injury to Plaintiff.

36. As a direct and proximate result of Defendants' negligence and careless conduct and failure to exercise reasonable care, Plaintiff suffered serious physical injuries with related damages and losses.

WHEREFORE, Plaintiff suffered non-economic damages, including, but not limited to, physical pain and suffering, an impaired quality of life, permanent physical impairment, and

economic damages, including, but not limited to, past and future medical expenses associated with said incident as a direct result of the Defendants' negligence and breach of duties required by the CPLA.

NOW THEN, Plaintiff prays for an Order of Judgment in favor of the Plaintiff and against the Defendants as follows:

a.) For judgment in favor of the Plaintiff, and against Defendants in an amount to be determined at trial for actual and consequential damages, including noneconomic, economic, and physical impairment;

b.) For pre-judgment interest which has accrued since the date of the tort pursuant to **C.R.S. §13-21-101**;

c.) For complete and total compensation for all of Plaintiff's medical bills;

d.) For all costs in the prosecution of this matter; and

e.) For any and all further relief as the Court may deem proper and just.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Respectfully submitted this 8th day of March, 2022.

**VARNER FADDIS ELITE LEGAL, LLC**

*Original Signature on File at the Offices*
*Of Varner Faddis Elite Legal, LLC*

By: */s/ Eric Faddis_____ _____*
Eric Faddis, Atty. Reg. $44990
Lauren E. Varner, Atty. Reg. #46519
Heather Hackett, Atty Reg. #37231
**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Address:
140 S. Eagle Cir.,
Aurora, CO 80012

*This pleading was filed with the Court through the ICCES Electronic Filing Procedures, under C.R.C.P. 121, § 1-26.  As required by those rules, the original signed copy of this pleading is on file with Varner Faddis Elite Legal, LLC.*